**Not For Publication in West's Federal Reporter**
**Citation Limited Pursuant to 1st Cir. Loc. R. 32.3**

# United States Court of Appeals
## For the First Circuit

No. 05-2376

JUAN ZAYAS; EVA FRONTERA;
CONJUGAL PARTNERSHIP ZAYAS-FRONTERA;
ARIANNA M. ZAYAS-FRONTERA,

Plaintiffs, Appellees,

v.

COMMONWEALTH OF PUERTO RICO;
DEPARTMENT OF EDUCATION OF THE COMMONWEALTH OF PUERTO RICO;
DR. CÉSAR REY,

Defendants, Appellants.

APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO
[Hon. Salvador E. Casellas, U.S. District Judge]

Before

Torruella, Circuit Judge,
Gibson, John R.,[*] Senior Circuit Judge,
and Howard, Circuit Judge.

Leticia Casalduc-Rabell, Assistant Solicitor General, with
whom Salvador J. Antonnetti-Stutts, Solicitor General, were on
brief, for appellants.
Alfredo Fernández-Martínez, with whom Delgado & Fernández,
LLP, was on brief, for appellees.

December 21, 2005

---

[*] Of the Eighth Circuit, sitting by designation.

**Per Curiam**.    This appeal concerns the appropriate educational placement for Arianna M. Zayas-Frontera, a 14-year-old who suffers from a number of learning and emotional disabilities. On June 4, 2004, Arianna's parents filed a claim against the Department of Education of the Commonwealth of Puerto Rico ("Department of Education"), contesting the Department's refusal to enroll Arianna at a private school called Instituto Modelo de Enseñanza Individualizada ("IMEI").  IMEI, the parents claimed, was the appropriate placement for Arianna, given her particular disabilities.  The Department of Education, however, responded that the Antonio S. Pedreira School ("Pedreira School"), a public institution, was fully capable of meeting Arianna's needs and was sufficient to satisfy the mandate that disabled children receive a "free appropriate public education," as outlined in the Individuals with Disabilities Education Act ("IDEA"), 20 U.S.C. § 1400(d)(1)(A); § 1412(a)(1)(A).

After a bench trial and on-site inspections of both IMEI and the Pedreira School, the district court held that IMEI was the proper placement for Arianna for a transitional period of one year. The court found dispositive the following factors: 1) Arianna's emotional needs; 2) the unusual circumstance that Arianna had been out of school for nearly four years; 3) Arianna's need for constant supervision and an in-school psychologist; 4) her adverse reaction to an exploratory placement at the Pedreira School; and 5) the fact

-2-

that Arianna had communicated thoughts of hurting herself.  In light of these factors, the court held that it would be impossible for Arianna to benefit from the opportunities available to students at the Pedreira School.  The court stated that "[o]nce Arianna's psychological needs are addressed at IMEI, Arianna should be able to attend a less restrictive school such as the Pedreira School."

The Department of Education here asks us to overturn the decision of the district court.  It again argues that placing Arianna at the Pedreira School satisfies federal law.  This issue of placement is a mixed question of fact and law, i.e., one requiring the application of "a legal standard to a particular set of facts." TSC Indus., Inc. v. Northway, Inc., 426 U.S. 438, 450 (1976); Roland M. v. Concord Sch. Comm., 910 F.2d 983, 990 (1st Cir. 1990).  "Absent a showing that the wrong legal rule was employed . . . the district court's answer to a mixed fact/law question is reviewable only for clear error." Roland M., 910 F.2d at 990.  In explaining the "clearly erroneous" standard, the Supreme Court has stated that "[i]f the district court's account of the evidence is plausible in light of the record viewed in its entirety, the court of appeals may not reverse it even though convinced that had it been sitting as the trier of fact, it would have weighed the evidence differently." Anderson v. City of Bessemer City, 470 U.S. 564, 573-74 (1985).

We have reviewed the parties' briefs and the record on appeal and considered the parties' arguments presented at the oral argument, and we affirm, essentially for the reasons stated by the district court in its opinion. We stress, as the district court did, that Arianna's placement at IMEI is only temporary. It is designed so that she might "catch up" with her fellow students and so that she might receive an education that is tailored to her social, psychological, and educational needs. Since the Department of Education cannot at the present time provide the "free appropriate public education" that Arianna requires, we agree with the district court and hold that the Department of Education is responsible for all costs associated with Arianna's provisional placement at IMEI.

**Affirmed**.